UNITED STATES DISTRICT COURT
For the Northern District of California

1

2

3

4

5

6

7

8          UNITED STATES  DISTRICT COURT

9          Northern District of California

10          Oakland Division

11   KEVIN PHELAN,                                No. C 12-00465 LB

12                    Plaintiff(s),               **ORDER GRANTING PLAINTIFF'S
                                                  MOTION FOR APPOINTMENT OF**
13          v.                                    **GUARDIAN AD LITEM**

14   BRENTWOOD UNION SCHOOL                       [Re: ECF No. 4]
     DISTRICT,
15

16                    Defendant(s).
     _____/

17                          **I. INTRODUCTION**

18      Kevin Phelan, Caneel Phelan, and J.P. (collectively, "Plaintiffs") sued the Brentwood Union

19   School District (the "District"), Dina Holder, and Lauri James (collectively, "Defendants") under 42

20   U.S.C. § 1983 for violation of their Fourth and Fourteenth Amendment rights and other state laws.

21   Complaint, ECF No. 1.[1]  J.P. is the son of Kevin Phelan. *Id.* at 2, ¶¶ 3, 5.  The gist of their complaint

22   is that Ms. Holder, who was J.P.'s pre-kindergarten teacher, battered J.P. during class, that J.P.

23   suffered physical and emotional injuries as a result, and the Ms. James, who is the principal of the

24   school, and the District responded to the incident improperly. *See* Complaint, ECF No. 1 at 2-4, ¶¶

25   10-24.  Plaintiffs now move for Kevin Phelan's appointment as guardian ad litem for J.P.  Motion,

26   ECF No. 4.  No party has opposed the motion.

27

28      [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page
     number at the top of the document, not the pages at the bottom.

     C 12-00465 LB

UNITED STATES DISTRICT COURT
For the Northern District of California

## II. LEGAL STANDARD

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.  The court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action."  Fed. R. Civ. P. 17(c)(2).[2]

An individual's capacity to sue is determined by the law of the individual's domicile.  Fed. R. Civ. P. 17(b).  Under California law, an individual under the age of eighteen is a minor.  Cal. Fam. Code § 6502.  A minor may bring suit as long as a guardian conducts the proceedings.  Cal. Fam. Code § 6601.  The court may appoint a guardian ad litem to represent a minor's interests in the litigation.  Cal. Code Civ. P. § 372(a).  In making the determination concerning the appointment of a particular guardian ad litem, the court shall consider whether the minor and the guardian have divergent interests.  Cal. Code Civ. P. § 372(b)(1).

"'When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action,' a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 54 Cal. Rptr. 3d 13, 22-23 (Cal. Ct. App. 4th 2007) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)).  "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Williams*, 54 Cal. Rptr. 3d at 23.

## III. DISCUSSION

J.P. is the son of Kevin Phelan.  Complaint, ECF No. 1 at 2, ¶¶ 3, 5; Phelan Declaration, ECF No. 4-1 at 1, ¶ 1.  J.P. currently is seven years old.  Phelan Declaration, ECF No. 4-1 at 1, ¶ 1.

---

[2] "A 'next friend' who initiates suit in federal court bears the burden of proving his suitability according to three general factors that are independent of the law of the forum state.  These factors are: 1) an adequate explanation of why the minor may not bring suit himself; 2) a true dedication to the best interest of the minor; and 3) some significant relationship with the minor." *Anthem Life Ins. Co. v. Olguin*, No. 1:06-cv-01165, 2007 WL 1390672, at \*2 (E.D. Cal. May 9, 2007) (citing *T.W. v. Brophy*, 954 F.Supp. 1306, 1309 (E.D. Wis.1996), *aff'd*, 124 F.3d 893, 896-97 (7th Cir. 1997)).  "It appears to be the common practice to appoint a parent to act as next friend for a child." *Anthem Life Ins. Co.*, 2007 WL 1390672, at \*2 (citing *Gonzalez v. Reno*, 212 F.3d 1338, 1352 (11th Cir. 2000)).

C 12-00465 LB

UNITED STATES DISTRICT COURT
For the Northern District of California

1   Because J.P. is under the age of eighteen, he is minor under California law.  Cal. Fam. Code § 6502.

2   As a minor, his ability to bring suit is contingent upon appointment by the court of a guardian ad

3   litem.  Kevin Phelan may serve as his guardian ad litem so long as he does not have an interest

4   adverse to J.P.'s interests.

5       Upon review of the complaint and Plaintiffs' motion, the court finds that Kevin Phelan and J.P.

6   have no adverse interests.  Kevin Phelan brought this action on behalf of his minor son, and to the

7   extent that Kevin Phelan brings claims on behalf of himself (such as his claim that his Fourteenth

8   Amendment rights were violated due to Defendants' response to the incident), the court finds them

9   not to be in conflict with J.P.'s claims.  Therefore, Kevin Phelan's appointment as guardian ad litem

10  for his son J.P. is appropriate.  *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001)

11  ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the

12  same interests as the child there is no inherent conflict of interest."); *see also Gonzalez v. Reno*, 86

13  F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), *aff'd* 212 F.3d 1338 (11th Cir. 2000) ("[W]hen a parent

14  brings an action on behalf of a child, and it is evident that the interests of each are the same, no need

15  exists for someone other than the parent to represent the child's interests under Rule 17(c).");

16  *Robidoux v. Wacker Family Trust*, No. CIVS-06-2334 LKK-DAD, 2009 WL 1531785, at *1 (E.D.

17  Cal. May 29, 2009), *rev'd on other grounds by* No. 09-16674, 2011 WL 1136241 (appointing

18  plaintiff mother as guardian ad litem for plaintiff children in housing discrimination case).

19                              **IV.  CONCLUSION**

20      Based on the foregoing, Plaintiffs' motion is GRANTED.  The court hereby appoints Kevin

21  Phelan as guardian ad litem for his minor son J.P. in this action.

22      This disposes of ECF No. 4.

23      **IT IS SO ORDERED.**

24  Dated: March 16, 2012

25                              _____
                                LAUREL BEELER
                                United States Magistrate Judge

26

27

28

C 12-00465 LB

3