UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| KEVIN PHELAN, et al.,<br><br>           Plaintiffs,<br><br>   v.<br><br>BRENTWOOD UNION SCHOOL DISTRICT, et al.,<br><br>           Defendants.<br>_____/ | No. C 12-00465 LB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF THE SETTLEMENT OF MINOR'S CLAIMS**<br><br>[Re: ECF No. 57] |

**INTRODUCTION**

This consolidated action began as two separate actions: *Phelan, et al. v. Brentwood Union School Dist., et al.*, No. C12-00465 LB ("*Phelan I*"), and *Phelan, et al. v. Brentwood Union School Dist., et al.*, No. C12-004917 LB ("*Phelan II*"). On November 15, 2012, the court approved the parties' stipulation to consolidate *Phelan II* into *Phelan I*. *Phelan I*, Stipulation to Consolidate and Order, ECF No. 46. Thereafter, the parties agreed to settle this consolidated action after a settlement conference with Magistrate Judge Spero. 12/19/2012 Minute Order, ECF No. 55 at 1.[1] Now, plaintiff Kevin Phelan, as *guardian ad litem* for minor plaintiff J.P., asks the court to approve the settlement of J.P.'s claims. Motion, ECF No. 57. For the reasons stated below, the court **GRANTS**

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 12-00465 LB
ORDER

Mr. Phelan's motion.[2]

**STATEMENT**

On January 30, 2012, Kevin Phelan, Caneel Phelan, and J.P. (collectively, "Plaintiffs") initiated their first lawsuit against the Brentwood Union School District (the "District"), Dina Holder, and Lauri James (collectively, "Defendants") under 42 U.S.C. § 1983 for violation of their Fourth and Fourteenth Amendment rights and other state laws. *Phelan I*, Original Complaint, ECF No. 1. J.P. is the son of Kevin Phelan. *Id*. at 2, ¶¶ 3, 5. They allege that Ms. Holder, who was J.P.'s pre-kindergarten teacher, battered J.P. during class, that J.P. suffered physical and emotional injuries as a result, and that Ms. James, who is the principal of the school, and the District responded to the incident improperly. *See id*. at 2-4, ¶¶ 10-24.

Later, on May 21, 2012, Plaintiffs instituted a second action against Defendants in Contra Costa County Superior Court. *Phelan II*, Notice of Removal, Ex. A, ECF No. 1 at 6. Defendants removed the action to federal court, Phelan II, Notice of Removal, ECF No. 1, and it was related to *Phelan I*, Order Relating Cases, ECF No. 40. The court later consolidated the cases, *Phelan I*, Stipulation to Consolidate and Order, ECF No. 46, and Plaintiffs filed a Second Amended Complaint in *Phelan I* so that all of their allegations and claims would be in a single complaint, *Phelan I*, Second Amended Complaint, ECF No. 49.

On December 19, 2012, the parties agreed to settle this consolidated action after a settlement conference with Magistrate Judge Spero, and the settlement was placed on the record. 12/19/2012 Minute Order, ECF No. 55.

On January 3, 2012, Mr. Phelan, as *guardian ad litem* for minor plaintiff J.P., filed the motion now before the court, asking the court to approve the settlement of J.P.'s claims. Motion, ECF No. 57. No party filed any opposition within the time allowed. *See* N.D. Cal. Civ. L.R. 7-3(a).

///

///

---

[2] Pursuant to Civil Local Rule 7-1(b), the court finds this matter to be suitable for determination without oral argument and **VACATES** the February 7, 2013 hearing.

UNITED STATES DISTRICT COURT
For the Northern District of California

**ANALYSIS**

**I. LEGAL STANDARD**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.'" *Id*. (quoting Fed. R. Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id*. (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

As the Ninth Circuit has recently made clear, in cases involving the settlement of a minor's federal claims[3], district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Id*. at 1181-82 (citing *Dacanay*, 573 F.2d at 1078).

**II. DISCUSSION**

J.P., though his *guardian ad litem*, has agreed to settle his claims against Defendants.[4] According to the terms of the settlement, Defendants will pay Plaintiffs $950,000 in exchange for a release of all claims. Motion, ECF No. 57 at 5, ¶ 17. Plaintiffs have agreed to allocate 80% of this money to J.P. and 20% to Mr. Phelan and Ms. Phelan. Thus, Mr. Phelan and Ms. Phelan will

---

[3] The Ninth Circuit did not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims. *Robidoux*, 638 F.3d at 1179 n.2. Plaintiffs brought claims under both federal and state law. Nevertheless, the court will look to the Ninth Circuit's guidance with respect to all of their claims.

[4] The settlement is contingent on its approval by the Board of Directors of the District and by this court approval of the compromise of J.P.'s claim. Motion, ECF No. 57 at 5, ¶ 17.

receive $95,000 each, and J.P. will receive $760,000. *Id*. at 5, ¶ 18.

In addition to the money, Ms. Holder will accept an immediate reassignment to a non-classroom setting and resign from employment on June 6, 2013. *Id*. at 5, ¶ 17.

The parties further agreed to bear their own attorney's fees and costs except as to the settlement funds paid by the District. *Id*. With respect to attorney's fees, pursuant to the retainer agreement between Plaintiffs and their counsel, Plaintiffs' counsel are to receive 25% of J.P.'s recovery. *Id*. at 6, ¶ 20. This means that Plaintiffs' counsel will receive $190,000, and the net amount paid to J.P. will be $570,000. *Id*. With respect to costs, Plaintiffs have agreed that all of the costs (which Plaintiffs estimate to be approximately $45,000) shall come out of the $190,000 that is to be paid to Mr. Phelan and Ms. Phelan. *Id*. at 5, ¶ 19.

Because the extent of J.P.'s injuries and the services necessary to address those injuries are unknown at this time, Plaintiffs intend to place the money in a special needs trust. *Id*. at 6, ¶ 22. The trust will permit the trustee to make payments to monitor and provide treatment and services necessary to address injuries J.P. suffered while he was a student in Ms. Holder's classroom. *Id*. Any amount of money remaining in the trust will be paid to J.P. after he reaches majority age. *Id*.

The trust will be drafted by Stephan Dale, an estate planning attorney who specializes in developing estate plans that involve persons with disabilities. *Id*. at 6-7, ¶ 23. The trust will comply with California Probate Code § 3604. *Id*. The cost of drafting the trust is unknown at this time, and that amount will be deducted from the money paid to J.P. *Id*. Thus, the amount of money to be deposited into the trust for the benefit of J.P. will be $570,000, minus the amount of money charged for drafting the trust. *Id*. at 7, ¶ 24.

Upon consideration of the facts of the case, J.P.'s specific claims, the terms of the settlement, and recoveries in similar cases, the court finds the settlement to be in the best interest of all of the parties and the amount of money J.P. will receive ($570,000, minus the amount of money charged for drafting the trust) to be fair and reasonable.

## CONCLUSION

Based on the foregoing, Mr. Phelan's motion for this court's approval of the settlement of J.P.'s claims is **GRANTED**. The court directs the parties to file, by April 4, 2013, either: (1) a stipulated

dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii); or (2) a joint status update explaining why a stipulated dismissal has not yet been filed.

**IT IS SO ORDERED.**

Dated: January 28, 2013

_____
LAUREL BEELER
United States Magistrate Judge